of the truth of the libel laid in the second and third counts.

Verdict for the defendants.

The plaintiff, through his counsel, Coxe and Bradley, moved for a new trial—Because the court mistook the law. Because illegal testimony was admitted on the part of the defendants. Because the verdict was against law and against the evidence; and because of newly discovered evidence materially affecting the merits of the case.

The motion was overruled by THE COURT. THRUSTON, Circuit Judge, absent.

---

MAYO (CLINTON v.). See Case No. 2.899.

MAYO (RANSOM v.). See Cases Nos. 11,571 and 11,571a.

---

## Case No. 9,355.

### MAYO v. SMITH et al.

[5 Cranch, C. C. 569.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

BAIL IN CIVIL CASES—ACTION OF LIBEL—AMOUNT OF DAMAGES ALLEGED.

In an action upon the case for a libel, the damages were laid at twenty thousand dollars, and the plaintiff in his affidavit averred damages to the same amount; the court required the bail to justify to the amount of five hundred dollars only.

Case for libel. Damages laid at $20,000. The plaintiff's affidavit to hold the defendants [Thomas J. Smith and F. S. Myer] to special bail stated that the defendants, on the 26th of March, 1839, "in a certain newspaper, called 'The Metropolis,' in the publication of which the said Smith and Myer were then and there concerned, published of and concerning" the plaintiff [Robert Mayo] "a certain false, scandalous, and malicious libel, headed 'Dr. Mayo and the Intelligencer,' which said libel is hereto annexed." &c. "And this deponent also saith that he is informed and believes, that said Smith has no intention of remaining in the District of Columbia, but is about to depart from said district for the Southern States. He further saith, that by the publication of said libel he hath incurred and sustained damages to the amount of $20,000.

Mr. Hoban and Mr. Key moved for leave to appear for the defendant without special bail; or that the bail demanded should be mitigated, and cited Jones v. Kelly, 17 Mass. 115, and 2 Wheel. Abr. 54.

R. S. Coxe and Messrs. Brent & Brent contended that the affidavit of the plaintiff was conclusive; that the libel is atrocious. The affidavit is positive that the defendants published it in the newspaper in which they were concerned, and that the plaintiff has thereby suffered damages to the value of $20,000. The

plaintiff's counsel cited the case of Barrell v. Simonton [Case No. 1,041], in this court, at May term, 1826, where bail was refused in an action for a malicious arrest, only on the ground that the action in which the plaintiff was arrested was not then terminated; and the case of McDonald v. Little [Id. 8,760], in this court, and the case of Doyne v. Barker [Id. 4.055], at November term, 1834, in which bail was required, in slander, in $700, upon an affidavit of the plaintiff's belief that she had suffered damage to the value of $3,000.

THE COURT (THRUSTON, Circuit Judge. absent). in the present case, said they would be satisfied with bail who could justify in $500.

---

## Case No. 9,356.

### MAYO et al. v. SNOW et al.

[2 Curt. 102: [1] 17 Law Rep. 494.]

Circuit Court, D. Massachusetts. Oct., 1854.

SHIPPING—LIABILITY OF OWNER—SUPPLIES—CONTRACT WITH MASTER—OWNER FOR VOYAGE.

1. Where a master of a fishing vessel agreed with the managing owner to take her for the season and go to the "Banks" codfishing, the owners to have one quarter of the fish and oil. and three eighths of the bounty; the residue to belong to himself and his crew, and to be applied first to pay the bills, and then any balance remaining to be divisible among the master and crew; the master to have the vessel fitted where he pleased, and have the fish cured by whom he should choose; and the master hired the crew and purchased the provisions and supplies for the voyage. It was *held*, that. on these facts. he was owner pro hac vice. and that he, and not the general owners, was responsible for the "small generals."

[Cited in Flaherty v. Doane, Case No. 4,849; Fox v. Holt, Id. 5,012.]

2. The statute of 1813 (3 Stat. 2. § 1) furnishes no ground for a distinction in this respect between codfishing and other voyages.

3. Although the master is owner for the voyage. the general owners may. nevertheless, be liable for supplies. upon the ground of an agency for the owners to procure them. arising out of the particular terms on which he hires the vessel.

4. And here the owners were liable for certain articles. because. by the contract of letting to the master. they were to procure and pay for such articles before the beginning of the voyage: and they having authorized him to buy them, it was considered that they made him their agent therefor. not because he was master. but by virtue of the particular authority so given.

[Appeal from the district court of the United States for the district of Massachusetts.]

[This was a libel in admiralty by Joshua C. Mayo and others against Jesse Snow and others, owners of the Lydia & Polly, to recover the price of certain supplies. From a decree of the district court in favor of respondents (case unreported), libellants appeal.]

William Brigham, for appellants.
H. A. Scudder, contra.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]